UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANDREA PAOLA BRACAMONTE-MORAN | CIVIL ACTION NO. 26-0413 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KRISTI NOEM, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

    Before the Court is an Emergency Motion for Temporary Restraining Order and Non-Transfer Order (Record Document 3) filed by the habeas petitioner in this case, Andrea Paola Bracamonte-Moran ("Petitioner"). Petitioner is a citizen of Venezuela. See Record Document 1 at 10. She was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on December 29, 2025. See id. In her Habeas Petition, she challenges her prolonged detention without a bond hearing and seeks immediate release from ICE custody. See Record Document 1 at 26. Alternatively, she requests a prompt bond and/or adequate custody hearing. See id. at 27. In the instant motion, she moves the Court for an emergency temporary restraining order and non-transfer order to preserve this Court's jurisdiction, that is, an order prohibiting Respondents from transferring her outside the Western District of Louisiana while her Habeas Petition is pending. See id. at 3. She also seeks advance written notice prior to any proposed transfer. See id.

    An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4)

granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Here, Petitioner cannot demonstrate that she is likely to succeed on the merits of her Habeas Petition in light of the Fifth Circuit's recent holding in Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated with 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In Buenrostro-Mendez, the Fifth Circuit addressed a statutory interpretation issue presented by a class of noncitizens. 2026 WL 323330, *1. The noncitizens conceded they were applicants for admission, that is, aliens present within the United States who have not been admitted by lawful means. See id., citing 8 USC §§ 1225(a)(1), 1101(a)(13)(A). Thus, the government maintained that petitioners were subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). See id. Conversely, petitioners argued "that, despite falling squarely within § 1225, they are nonetheless eligible for discretionary release on bond during removal proceedings"

pursuant to 8 U.S.C. § 1226(a)(2).  <u>See id.</u>  The Fifth Circuit held that the government's position was correct and reversed the district courts' orders to provide petitioners with bond hearings or release them.  <u>See id.</u>  In light of this recent decision, this Court cannot find that Petitioner is likely to succeed on the merits of her Habeas Petition.

Additionally, as to her request that the government be prohibited from transferring her, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." <u>Lotter v. Lyons</u>, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that she will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Non-Transfer Order (Record Document 3) is hereby **DENIED**.  This matter is **REFERRED** to Magistrate Judge McClusky for Report and Recommendation.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of February, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE