**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ANDREA PAOLA BRACAMONTE-MORAN | CIVIL ACTION NO. 26-0413 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KRISTI NOEM, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is Andrea Paola Bracamonte-Moran's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. See id. The Magistrate Judge issued a Report and Recommendation, recommending that the habeas petition be granted and that Petitioner be released based on Petitioner's procedural due process claim. See Record Document 17. Based on the newly issued Sosnava Rodriguez v. Miguel Vergara decision, the Court declines to adopt the Report and Recommendation of the Magistrate Judge (Record Document 17) and finds that Petitioner's detention is statutorily mandated while her removal proceedings are ongoing and does not violate the Due Process Clause of the Fifth Amendment. Accordingly, Petitioner's writ of habeas corpus (Record Document 1) is **DENIED**.

## BACKGROUND

Petitioner is a citizen of Venezuela, who unlawfully entered the United States in October 2021. See Record Documents 1 at 10 and 13 at 7. The Department of Homeland Security ("DHS") charged her with "inadmissibility for being present in the United States without admission or parole." Record Document 13 at 7. On October 29, 2021, DHS issued Petitioner a Notice to Appear, informing her that she was considered "an alien present in the United States who has not been admitted or paroled . . . after inspection

by an Immigration Officer." Record Document 1-2 at 7. That same day, DHS released Petitioner on her own recognizance under Section 236 of the Immigration and Nationality Act. See id. at 6, 10.

In May 2024, United States Citizenship and Immigrations Services granted Petitioner Temporary Protected Status ("TPS"). See id. at 142. Her TPS status was valid from May 23, 2024, until April 2, 2025. See id. In May 2025, an immigration judge terminated removal proceedings against Petitioner. See Record Documents 13 at 7 and 13-1 at 2-3. DHS filed a motion to reconsider that order on June 5, 2025, requesting reinstatement of the removal proceedings. See Record Document 13 at 7. In October 2025, Petitioner applied from asylum and withholding of removal. See Record Document 1-2 at 147-155.

On December 29, 2025, Petitioner was arrested by ICE. See Record Documents 1 at 4 and 13 at 7. DHS "issued a new Notice to Appear" the same day, informing her that she was subject to removal from the United States. See Record Documents 13 at 8 and 13-3 at 2-5. "DHS charged Petitioner with inadmissibility for being present in the U.S. without admission or parole and for being an immigrant not in possession of a valid entry document." Id.

Petitioner filed this proceeding on February 1, 2026. See Record Document 1. She challenges her arrest and continued detention without an individualized bond hearing. See id. at 6, 11, 25. Petitioner seeks relief under the Administrative Procedure Act and immediate release from detention or, alternatively, a bond hearing. See id. at 7, 25.

## LAW AND ANALYSIS

The United States Court of Appeals for the Fifth Circuit held in Buenrostro-Mendez that aliens, who have not been admitted, may be detained without bond under 8 U.S.C. § 1225(b)(2)(A). See 166 F.4th 494, 502 (5th Cir. 2026). This remains true even when the unlawful aliens have been present in the United States for years. See id. In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. See id. at 502-08. The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). See id. at 502. Here, the Court finds that Petitioner, as an applicant for admission, is lawfully detained under § 1225(b).

Further, the Fifth Circuit recently held in Sosnava Rodriguez v. Miguel Vergara, that mandatory detentions under § 1225(b)(2)(A) do not violate an applicant for admission's Fifth Amendment right to due process. See No. 26-50183, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."). Notably, the court achieves the same result regardless of whether the claim was characterized as substantive or procedural due process. See id. at *7 ("[P]rocedural due process does not require bond hearings ... in the context of § 1225(b)(2)(A)."); see id. at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting Washington v. Glucksberg, 521 U.S. 702, at 720–21 (1997)); see

id. at *12-13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).

Here, Sosnava Rodriguez has foreclosed Petitioner's arguments. Although Petitioner claimed he should have received a hearing before his detention, Sosnava Rodriguez found that an unlawful alien is not entitled to a bond hearing after his detention, much less before his detention. See id. at *1. Thus, Petitioner has no right to process beyond what Congress has provided, and Congress did not give unlawful aliens detained under § 1225(b) the right to a pre-deprivation bond hearing. Based on Sosnava Rodriguez, Petitioner's claim to such a hearing, whether characterized as substantive due process or procedural due process, fails. See id. at *6, 12.

## CONCLUSION

Accordingly, Petitioner's detention is statutorily mandated while his removal proceedings are ongoing and does not violate the Due Process Clause of the Fifth Amendment. As a result, Petitioner's writ of habeas corpus (Record Document 1) is hereby **DENIED**.

A judgment consistent with this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 3rd day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE